Nov. Term, 1843.<br><br>Eaton<br>v.<br>The State.

(1) *The State, ex rel.*, &c. v. *Grant et al.*, post, 71.

---

Eaton *v.* The State, on the Relation of Baird.

An information in the nature of *quo warranto*, under the statute, for usurping, &c. an office, should be exhibited by the prosecuting attorney, and should commence as follows: *A. B.*, prosecuting attorney of the ——— judicial circuit of the state of *Indiana*, comes here into the Circuit Court of the county of ———, on, &c., and for the said state, on the relation of *C. D.*, of, &c., according to the form of the statute in such case made and provided, gives the Court here to understand and be informed, &c.

APPEAL from the *Randolph* Circuit Court.

Blackford, J.—This was an information in the nature of *quo warranto*. The information commences as follows: The state of *Indiana*, on the Relation of *George W. Baird*, v. *Ariel K. Eaton.* On information for writ of *quo warranto*. The said *George W. Baird*, the relator in this behalf, for and in the name of the state of *Indiana*, comes now here into the said *Randolph* Circuit Court, by *John M. Wallace*, prosecuting attorney of the eleventh judicial circuit of the state of *Indiana*, and gives the Court now here to understand and be informed, that said *Ariel K. Eaton*, late of said county, gentleman, on the 15th of *September*, 1841, was then and there county auditor, &c.

Special demurrer to the information, assigning as cause of demurrer, that the relator, instead of the prosecuting attorney, gives the Court to understand, &c. Demurrer overruled, and judgment of ouster rendered against the defendant.

The statute on the subject of these informations enacts, that whenever any person or persons shall usurp, &c., any public office, &c., it shall be lawful for the prosecuting at-

*Friday,*<br>*January* 26,<br>1844.

torney of the proper Circuit Court, to exhibit and file in said Court one or more informations against such person or persons in the nature of *quo warranto*, on the relation of any person or persons desiring to prosecute the same, who shall be mentioned in such information or informations as the relator or relators against the person, persons, or associations thus charged, and to proceed, &c. R. S. 1838, p. 408.

According to this statute, which is similar to the statute of *Anne* on the subject, the information in question is defective for the cause assigned in the demurrer. The information should have been exhibited, not by the relator, but by the prosecuting attorney, and should have commenced as follows : *John M. Wallace*, prosecuting attorney of the eleventh judicial circuit of the state of *Indiana*, comes here into the Circuit Court of the county of *Randolph*, on, &c., and for the said state, on the relation of *George W. Baird*, of, &c., according to the form of the statute in such case made and provided, gives the Court here to understand and be informed, &c.

*Per Curiam.*—The judgment is reversed at the costs of the relator. Cause remanded, &c.

*J. Smith*, for the appellant.

*J. Brownlee*, for the appellee.